■ AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v ASSOCIATED INTERNATIONAL INSURANCE COMPANY, Respondent. [690 NYS2d 237] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered October 8, 1998, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about July 30, 1998, which denied plaintiff's motion for summary judgment and granted defendant's cross motion to dismiss plaintiff's complaint for failure

to state a cause of action, unanimously affirmed, with costs. Appeal from the aforesaid order entered on or about July 30, 1998 unanimously dismissed, without costs, as subsumed within the appeal from the ensuing judgment.

Following the conclusion of arbitration proceedings upon its breach of contract claim against defendant insurer, plaintiff, having prevailed in the arbitration and having obtained a compensatory award, moved in the instant action for summary judgment on liability with respect to its demand for punitive damages. The action was properly dismissed. Wrongful though defendant's breach of the parties' contract may have been, the pleaded allegations do not suffice as a predicate for an award of punitive damages since the underlying wrongful conduct was focused upon plaintiff and not aimed systematically at the public generally (*see, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 613). In this connection, we note that, contrary to plaintiff's assertions, the issue of whether plaintiff was entitled to punitive damages was not determined in the arbitration. At the time of the arbitration, the arbitrators were without authority to make an award of punitive damages, and, in any event, the arbitrators' finding of bad faith would not, without more, justify a judicial award of punitive damages (*see, Rocanova v Equitable Life Assur. Socy., supra,* at 615). Concur—Sullivan, J. P., Tom, Lerner and Buckley, JJ.